IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **SERGIO I. RODRIGUEZ,** *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.: 2:21-cv-00111 |
| **KELLY SERVICES, INC.,** *Defendant*. | § § § § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Sergio I. Rodriguez (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant Kelly Services, Inc. (hereinafter referred to as "Kelly", "KS", or "Defendant"), and for causes of action files this Original Complaint, showing to the Court the following:

### I. PARTIES

1. Plaintiff is an individual residing in Corpus Christi, Nueces County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2. Defendant is a Foreign for-Profit Corporation, organized and existing under the laws of the State of Michigan and may be served through its registered agent at CT Corp System at 1999 Bryan St., Suite 900, Dallas. Texas, 775201-3136.

### II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which

*Plaintiff's Original Complaint*

1

is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5. Venue is proper in the Southern District of Texas - Corpus Christi Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Plaintiff resides.

### III. NATURE OF THE ACTION

6. This is an action brought pursuant to Title VII and the TCHRA to correct and recover for Defendant's unlawful retaliation and to deter Defendant from continuing its unlawful and discriminatory employment practices.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On January 29, 2021, Plaintiff filed a Charge of Discrimination (Charge No. 460-2021-00638) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission (hereinafter referred to as the "TWC") against Defendant for discrimination and retaliation.

8. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, received on March 4, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices. Therefore, this lawsuit is timely filed.

## V. FACTS

9.  Defendant is an employment agency for DOW Chemical Company. Plaintiff worked for Kelly from August 2014 to February 29, 2016, in the Solids Processing Lab. He far exceeded expectations and received Kelly's highest monetary award which was presented by the Director of the Plastics research group Dr. Harold Boone, Dow Fellow for Plastics Research Dr. Shrikant Dhodapkar, Dow Leader for the Solids Processing Lab Dr. Remi Trottier and Kelly Recruiting Manager Katie Landoll. Plaintiff had no choice but to resign position as there was no permanent positions available.

10. From February of 2019 through April of 2019, Plaintiff began applying and interviewing for Kelly Services assignments with DOW Chemical mainly communicating with Kelly recruiter Derek Greenhaw. Mr. Rodriguez was ignored by Kelly, despite having applied for over thirty (30) positions including Lab Technician in Lake Jackson, TX, Analytical Lab Technician in Freeport, TX, Lab Technician in Freeport, TX and a Chemical Laboratory /Technician in Freeport, TX. He was never provided an interview or rehired for any of the positions.

11. Mr. Rodriguez then emailed Derek Greenhaw to voice his concerns with the observed interview irregularities. Immediately thereafter Derek Greenhaw stopped communicating with Mr. Rodriguez.

12. In August of 2019, Mr. Rodriguez made a formal request for an investigation into why he was not being selected for interviews or being rehired and why he was being ignored. This request was also ignored as Mr. Rodriguez received no response.

13. After several months of continuous denials, Mr. Rodriguez filed a second complaint of discrimination and this time an investigation was conducted in February 2020. The Investigator

*Plaintiff's Original Complaint*

determined that DOW Chemical hiring managers had blacklisted Mr. Rodriguez from any future roles. When he filed an ethics complaint with DOW Chemical, they concluded that there was no barrier on their part that would omit Mr. Rodriguez from the hiring process. Kelly investigator concluded after an interview with recruiter Derek Greenhaw and stated that at the direction of DOW Chemical hiring managers, he was directed to stop forwarding his resume to hiring teams for employment consideration. The investigator also concluded that there was no reason that he could not seek employment outside of DOW Chemical with other Kelly clients.

14. In March of 2020, Mr. Rodriguez filed a complaint with DOW's Ethics and Compliance departments to address the allegations presented in the Kelly investigator's findings. DOW conducted its investigation concluding that there was nothing preventing Mr. Rodriguez from employment with DOW Chemical having not addressed the allegations against Dow's hiring managers. The same month, Mr. Rodriguez was contacted by a Kelly direct hire recruiter for an analytical technician opportunity with MEGlobal. The Kelly recruiter offered him the position and said she would contact the contracting company to negotiate salary and determine if an interview was necessary. After a week of no communication, Mr. Rodriguez contacted the recruiter to see the status of his employment. Recruiter informed him that the client went with a different candidate with no interview required.

15. In April of 2020, Mr. Rodriguez made a third formal request for investigation into retaliation concerns. Kristen Bird investigated the case and claimed COVID-19 was the reason for no interviews completely failing to address what now is over 40 job applications with no interviews. Marisa Traxter and Derek Greenhaw were also involved but everyone failed to address the issue or to supply confirmation data to support that Mr. Rodriguez's resume was being sent to hiring teams, or any explanation of the finding of the second Kelly investigation alleging DOW's

involvement in the blocking of his resume or the claim that there was nothing as far as DOW was concerned preventing his employment.

16. In May of 2020, Mr. Rodriguez was recruited for the position of Analytical Laboratory Technician, and he received no further communication about the position. He later found out that the position had been filled. Mr. Rodriguez then filed a complaint of continued discrimination and omission from the hiring process.

17. From October through November of 2020, Mr. Rodriguez applied for several positions, including Process Technician, Chemical Laboratory Technician, and a Lab Technician. However, he did not get interviewed or rehired. Kelly was aware of Mr. Rodriguez's disability when he was employed as it was a voluntary question on the employment applications.

18. Mr. Rodriguez began an EEOC inquiry in November of 2020.

19. On January 8, 2021, a Kelly recruiter informed Mr. Rodriguez that he would receive an interview for a position he applied for with the Solids Processing Lab in DOW Chemical as a Senior Lab Tech. The position was never posted, and Mr. Rodriguez never applied for it. He accepted the interview request, the first after nearly 80 failed applications.

20. On January 11, 2021, Mr. Rodriguez interviewed with the DOW hiring team. During the interview, DOW hiring manager, Remi Trottier stated he was surprised to have seen Mr. Rodriguez's application and despite an attempt by the recruiter to dissuade selecting him, Mr. Trottier was insistent that Mr. Rodriguez be part of the interview group.

21. On January 18, 2021, Derek Greenhaw informed Mr. Rodriguez that the DOW hiring team selected him as the top candidate and had made him an offer with a starting date of February 1, 2021. The salary offered by DOW Chemical was so low for the Senior Position, lower

than Mr. Rodriguez's salary in a lower position five (5) years prior. Mr. Rodriguez viewed this as an obvious attempt by DOW and Kelly Services to insult him so he would reject the offer.

22. On January 19, 2021, Mr. Rodriguez spoke with Derek Greenhaw about disputing the salary offer after consulting with the DOW hiring manger and being urged to renegotiate the offer. Mr. Greenhaw refused and claimed he had been previously reprimanded for attempting to help a former employee receive an appropriate wage for the work he was doing. Derek said DOW's mentality in the matter was take it or leave it. They would move on to the next candidate.

23. On January 20, 2021, Mr. Rodriguez began the onboarding process with Mary Ann Kize and signed all required documents. Due to lab issues and miscommunication, Mr. Rodriguez was required to complete the drug and alcohol screening over three (3) separate days, in two (2) cities and three (3) separate labs.

24. On January 27, 2021, Dr. Remi Trottier spoke to Mr. Rodriguez and informed him that he was permanently banned from employment with DOW Chemical and to initiate the process to hire a new candidate thus offering his condolences for his offer reversal. Mr. Rodriguez responded that he had not been informed of any adverse action. Dr. Trottier apologized realizing Mr. Rodriguez was not supposed to know. Mr. Rodriguez immediately contacted Mary Ann Kize and Mr. Greenhaw to inquire about his status. They stated that they were waiting on Mr. Rodriguez's background screening to be completed and that he was still on track to start February first. Later that afternoon and after a brief email exchange with Mr. Greenhaw who claimed no adverse action had been passed to him, Mr. Rodriguez received an email from Kelly stating that there was a PENDING adverse action against him, and that no decision had been made on his employment pending the legally required five (5) day dispute period.

25. On February 1, 2021, Mr. Rodriguez was supposed to start the low paying position, but he had not been given any information as to where and to whom to report to. Still no official communication stating the start date has been moved temporarily or permanently. Mr. Rodriguez requested to speak to a superior and that person was to contact him later. Later in the day, Kelly CO Manager Paul Champoux did call but was even more uncooperative. Mr. Rodriguez asked for the Company policy, his score, the scoring system guidelines, scale for acceptable/unacceptable, the person(s) determining what was acceptable. Mr. Champoux refused, stating client confidentiality. At this point the Kelly CO manager stated that a third party was responsible for the decision, not Dow Chemical or Kelly Services.

26. On February 2, 2021, Mr. Rodriguez initiated a dispute against the accuracy of the reported incident, specifically the disposition date of the harassment charges. On February 5, 2021, the dispute was ruled in Mr. Rodriguez's favor, the record was amended, and a copy of the report was sent to Kelly for review. Three hours later, the role Mr. Rodriguez was offered the low salary for was filled by another candidate, even though he had not been officially eliminated from the role.

27. On February 10, 2021, DOW's Dan Neumann sent Mr. Rodriguez a text claiming his involvement in the case was over and DOW had stated that they are not involved in nor do they influence the Kelly hiring process. When Mr. Rodriguez spoke with Mr. Greenhaw to discuss the finding of Dow's investigation, he communicated this to him. Mr. Greenhaw laughed stating DOW influences every step of the KS hiring process. Almost immediately after the phone call with Mr. Greenhaw, Mr. Rodriguez received the adverse action letter from Kelly stating he would no longer be considered for employment with Client DOW Chemical.

28. Mr. Rodriguez has filed an EEOC Charge against DOW Chemical for disability discrimination, the investigation is still in process and Plaintiff plans to amend this Complaint to include DOW Chemical as a second Defendant when the Notice of Right to Sue is issued.

## VI. CAUSES OF ACTION
### COUNT 1
### RETALIATION PURSUANT TO TITLE VII

29. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30. Defendant intentionally retaliated against Plaintiff because of the complaints of disability discrimination and interview retaliation, made to Defendant in violation of Title VII.

31. Defendant harassed Plaintiff continually through the hiring process. First by suddenly not responding to his inquiries on job postings and applications. Then by refusing to communicate with him regarding application statuses. They also lied multiple times placing the blame on DOW Chemical as the culprits for the setbacks as to his employment. Finally, shortly after he filed the EEOC Charge, Kelly placed him in a position that he never applied for and ultimately did not allow him to begin working

### COUNT 2
### RETALIATION PURSUANT TO TCHRA

32. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33. Defendant intentionally retaliated against Plaintiff because of the complaints of disability discrimination and retaliation, made to Defendant in violation of the Texas Labor Code § 21.055.

## XII. JURY DEMAND

34. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the

jury demand and herein submits the jury fee.

## XIII. **PRAYER**

35. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

    a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint;

    b. Compensatory damages, including, but not limited to, emotional distress;

    c. Past, present, and future physical pain and mental suffering;

    d. Punitive damages;

    e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

    f. Pre-judgment interest at the highest rate permitted by law;

    g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    h. Costs of Court; and

    i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



_____
Alfonso Kennard, Jr.

9

*Plaintiff's Original Complaint*

Texas Bar No.: 24036888
Southern District No: 713316
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Cristabel Jimenez
Texas Bar No. 24096165
Southern District No. 3644269
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
cristabel.jimenez@kennardlaw.com